[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11327
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00156-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS DEMOND JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2018)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Travis Johnson appeals his sentence of 105 months in prison after pleading

guilty to distribution of cocaine base and possession of a firearm after a felony

conviction.  At sentencing, the district court applied an upward departure under U.S.S.G. § 4A1.3 after finding that Johnson's criminal-history category of III under-represented the seriousness of his criminal history and the likelihood he would reoffend.  The court then imposed a sentence at the high end of the adjusted guideline range.  On appeal, Johnson argues that the court erred in failing to provide notice before departing upward, that it abused its discretion in applying § 4A1.3, and that the sentence is substantively unreasonable.  After careful review, we affirm.

## I.

Johnson pled guilty in November 2017 to one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  At the plea hearing, he admitted to selling a firearm and crack cocaine to a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

In January 2018, a probation officer prepared Johnson's presentence investigation report ("PSR"), which was revised twice before sentencing.  The initial PSR recommended a total offense level of 21 and a criminal-history category of III, which established an advisory guideline range of 46–57 months.  After the government objected to the offense-level calculation, the probation

officer issued a revised PSR in February 2018 recommending a guideline range of 70–87 months based on a total offense level of 25 and a criminal-history category of III. The final PSR, issued in March 2018, kept these same calculations.

Each of the PSRs discussed Johnson's criminal history and noted that a departure may be warranted under U.S.S.G. § 4A1.3 based on the "adequacy" of his criminal-history category of III. Johnson's criminal-history category of III was based on a total of four criminal-history points: (a) three points for convictions of attempted second-degree murder and shooting into an occupied vehicle in 2004; and (b) one point for a cocaine-possession conviction in 2014.

According to the PSRs, Johnson was convicted of attempted murder after he fired multiple bullets into a car occupied by his ex-girlfriend and another man, striking him twice. He was sentenced to ten years in prison. While in prison, Johnson was disciplined nine times for prison violations, including fighting. Then, after his release to probation in 2013, Johnson violated the terms of his probation multiple times, including by committing new violations of the law. The 2014 cocaine-possession conviction occurred while he was on probation. His probation was revoked in 2016, and he was sentenced to 330 days in jail. He was arrested for drug possession in early August 2017, and one week later, while out on bond for that offense, he sold cocaine base to the confidential informant in this case.

3

Johnson also had a substantial juvenile record and a number of prior adult convictions from 1998 to 2003. No criminal-history points were assigned for these convictions. For the adult convictions, the offenses were varied and included felony battery on a law enforcement officer, resisting and fleeing an officer, retail theft, and drug possession.

Sentencing was originally set for February 12, 2018, but the district court continued the hearing to allow the parties to meet with the probation officer to resolve outstanding disagreements about the PSR. After the meeting, the government submitted a "status update" stating, in relevant part, that it "supports the probation office's finding that there are potential grounds for an upward departure" under § 4A1.3. As grounds for that departure, the government cited Johnson's conviction for attempted murder, the associated prison and probation violations, and his commission of offense conduct shortly after being arrested for drug possession. For his part, Johnson sought a downward departure under § 4A1.3.

When sentencing resumed on March 20, 2018, Johnson moved for a downward departure under § 4A1.3 on the ground that his criminal-history category overrepresented his criminal history because his attempted-murder conviction was old and he had been conviction-free from 2003 to 2014. The government responded that the conduct of conviction was serious and that the

4

conviction-free period from 2003 to 2014 could not be viewed in Johnson's favor since he was incarcerated during that time.   The government also noted that Johnson was not assessed any criminal-history points for the probation violations.

The district court denied Johnson's § 4A1.3 downward-departure request and then concluded that an upward departure was warranted under the same provision.   Citing the multiple convictions that were not assessed criminal-history points, the varied nature of those convictions, and the fact that there was almost no break in Johnson's criminal activity except when he was in custody, the court determined that his criminal-history category underrepresented his criminal history and his likelihood of reoffending.   So the court departed upward to criminal-history category IV.   Combined with a total offense level of 25, this established an advisory guideline range of 84 to 105 months.

The district court then heard argument on the 18 U.S.C. § 3553(a) factors and allocution from Johnson.   The government argued for a sentence at the top of the new range, emphasizing Johnson's prior violent history and the facts of this case showing Johnson's access to multiple firearms.   Johnson requested a sentence below the guideline range to account for his mental health and substance-abuse issues and the abuse and neglect he experienced growing up.   Johnson personally addressed the court, expressing remorse for his conduct and a desire to reform.

Ultimately, the district court sentenced Johnson to 105 months of imprisonment, at the high end of the post-departure guideline range. The court explained that a substantial sentence was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and promote the goals of deterrence and protection of the public. It cited Johnson's "personal history of intentional gun violence," his current involvement in guns and drugs, and the fact that he had quickly reverted to criminal activity upon being released to probation after serving a ten-year prison sentence. Along with these aggravating factors, the court also considered his "challenging" and "disturbing" childhood, which the court recognized had likely contributed to his criminal activity, and it credited Johnson's recognition that he "cannot return to this type of conduct."

When asked for objections at the end of the hearing, Johnson argued that the district court erred by failing to provide notice of the § 4A1.3 departure and by failing to adequately explain the basis for the departure. Overruling the objections, the court noted that both the probation officer and the government had given notice of the departure before sentencing. Johnson now appeals his sentence.

## II.

In reviewing a sentence, we make sure that it is both free from significant procedural error and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). Significant procedural errors include improperly calculating the

6

guideline range and failing to consider the sentencing factors under 18 U.S.C. § 3553(a). *Id.* If the sentence is procedurally sound, we then consider whether it is substantively reasonable under the totality of the circumstances, giving due deference to the district court's assessment of the § 3553(a) factors. *Id.*

### III.

We first address Johnson's challenge to the district court's decision to depart upward under U.S.S.G. § 4A1.3.

### A.

Johnson argues that the district court procedurally erred by failing to provide notice of its intent to depart upward. As a general rule, district courts must give notice before departing under the guidelines.[1] *See* Fed. R. Crim. P. 32(h). Specifically, Rule 32(h) states,

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

We review *de novo* the interpretation of rules of federal procedure. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

---

[1] In contrast, no advance notice is required for variances from the advisory guideline range based on the 18 U.S.C. § 3553(a) sentencing factors. *Irizarry v. United States*, 553 U.S. 708, 714–16 (2008).

7

Here, the district court did not err by failing to give notice before departing under § 4A1.3. As Rule 32(h) indicates, a court need not independently provide notice if the specific ground for departure was identified in the PSR or a prehearing submission. Johnson received notice in each of the PSRs and in the government's prehearing submission. The PSRs noted the probation officer's view that a departure under § 4A1.3 may be warranted based on the "adequacy" of Johnson's criminal-history category. And the government's presentencing "status update" identified the specific grounds on which it contended that an upward departure under § 4A1.3 was warranted. Together these two sources were enough to put Johnson on notice and to defeat any claim of unfair surprise. Accordingly, the district court did not improperly depart upward without notice under Rule 32(h).

## B.

Johnson next contends that the § 4A1.3 upward departure was unwarranted. We review a decision to depart upward for an abuse of discretion. *United States v. Magluta*, 418 F.3d 1166, 1184 (11th Cir. 2005).

Under § 4A1.3, a district court may impose an upward departure where "reliable information indicates that the defendant's criminal history category substantially under-represented the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1); *see id.* § 4A.1.3(a)(2) (identifying the types of information that may

8

support an upward departure, including "[p]rior sentence(s) not used in computing the criminal history category"). In determining the extent of a departure under § 4A1.3, the court should use, "as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." *Id.* § 4A1.3(a)(4).

Here, the district court reasonably concluded that Johnson's criminal-history category of III (four to six criminal-history points) substantially under-represented the seriousness of his criminal history and the likelihood that he will commit other crimes. Johnson received four criminal-history points for convictions of attempted second-degree murder, shooting into an occupied vehicle, and possession of cocaine. But undisputed information in the PSR also reflects a number of unscored adult convictions from 1998 to 2003, before his arrest for attempted murder, and a continuation of criminal conduct upon his release to probation after serving a ten-year prison sentence. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (district courts may rely on undisputed statements in the PSR). Faced with these undisputed facts, the district court did not abuse its discretion by concluding that the next criminal-history category of IV (seven to nine criminal-history points) more accurately represented Johnson's criminal history and likelihood of reoffending.

**IV.**

Finally, Johnson argues that his sentence is substantively unreasonable. We review the reasonableness of a district court's choice of sentence for an abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

In general, the district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). These purposes include the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. *Id.* § 3553(a)(2)(A)–(C). The court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and any relevant policy statements issued by the Sentencing Commission. *Id.* § 3553(a)(1), (5). The weight to be given each § 3553(a) factor is within the court's sound discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Ordinarily, "we will reverse a sentence as substantively unreasonable only if we are left with the definite and firm conviction that the [d]istrict [c]ourt committed a clear error of judgment in weighing the

10

factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017) (quotation marks omitted).

Here, Johnson's sentence is substantively reasonable. The district court persuasively explained its reasons for concluding that the 105-month sentence was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and promote the goals of deterrence and protection of the public. As the court stated, Johnson had a "personal history of intentional gun violence," having been convicted of attempted murder; his offense conduct showed that he was still involved with guns and drugs; and he had quickly reverted to criminal activity upon being released to probation after serving a ten-year prison sentence. Based on these factors, the court reasonably concluded that a sentence at the top of the post-departure guideline range was sufficient but not greater than necessary to comply with § 3553.

While Johnson contends that the district court failed to consider some mitigating factors and should have weighed others more heavily, he has not shown an abuse of discretion.[2] The court expressly considered Johnson's "challenging" and "disturbing" childhood, which it found likely contributed to his criminal

---

[2] We lack jurisdiction to review Johnson's contention that the district court should have departed downward under U.S.S.G. §§ 5H1.6 and 5K2.0(a)(4), *United States v. Webb*, 139 F.3d 1390, 1394 (11th Cir. 1998), though we consider his arguments in this regard under § 3553(a).

activity, and it credited his acceptance of responsibility both in the offense-level calculation and in its explanation for the sentence.  As for other factors not mentioned, our precedent makes clear that although a court must consider the § 3553(a) factors prior to sentencing, "it need not discuss each of them."  *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  The record shows that the court considered and weighed the relevant § 3553(a) factors and arrived at a sentence within "the range of reasonable sentences dictated by the facts of the case."  *Alberts*, 859 F.3d at 985.

Johnson's remaining arguments are off the mark.  He repeatedly asserts that the district court failed to explain or justify its upward "variance," but no variance was imposed in this case.  Johnson does not dispute that his pre-departure guideline range was properly calculated to be 70–87 months.  And after the departure, the court imposed a sentence within the adjusted guideline range.  In addition, contrary to Johnson's suggestion, the court properly considered the particular facts of Johnson's criminal history when weighing the § 3553(a) factors, despite some overlap with the court's reasons for imposing the upward departure under § 4A1.3.  *See Rosales-Bruno*, 789 F.3d at 1259–60 ("In assigning weight to the § 3553(a) factors as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts.").

For these reasons, we affirm Johnson's 105-month prison sentence.

**AFFIRMED.**